**RECEIVED**

JUL 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF COLUMBIA

Jack D Thrasher,

          Plaintiff(s),

v.

United States

          Defendant.

Case No. **1:06-cv-01075**

ADDENDUM TO COMPLAINT No. 1

This Court has recognized that an exception to the exhaustion of the administrative remedy is found where "An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers. Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982).

This Court has also recognized that an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it. (Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006) citing Gibson v. Berryhill, 411 U.S. at 575, n. 14; Houghton v. Shafer, 392 U.S. 639, 640 (1968))

Pursuant to The Federal Records Act, 44 USC § 3101, and the National Archives Act, 44 USC § 3106, the attached correspondence is a public record. Pursuant to the Administrative Procedure Act, 5 USC 704, the attached correspondence is a final agency

action.

## FINDINGS MUST BE BASED UPON EVIDENCE

Even if administrative exhaustion is a question of law, the exceptions to the administrative exhaustion requirement that have heretofore been mentioned, in <u>Koerner</u> (both cases)[1], <u>Turner</u>, and in the instant case, involve findings of fact which should, in keeping with <u>Arbaugh</u>, be within the province of a jury.  In the instant case, a jury finding that IRS was willing to reconsider a position (Randolph-Sheppard), or was unbiased (McCarthy), would naturally *and properly* result in the legal conclusion that no exception(s) to the exhaustion requirement are applicable; an adverse jury finding, however, of IRS intransigence, or bias, would necessarily and properly result in the legal conclusion that one or more exception(s) to the exhaustion requirement do apply.  The legal conclusion that Plaintiff failed to exhaust an administrative remedy to which no exception applies may only be based upon a finding of facts; a finding of the jury.  I/we believe that a proper reading of the statute supports this argument.

Pursuant to Fed Rules of Edv. Rule 902(1) the attached correspondence is self-authenticating. Pursuant to Fed. Rules of Edv. Rule 201 the court is required to take mandatory judicial notice of the adjudicative fact that the attached correspondence (sent to plaintiff(s), is a final agency action that demonstrates that the IRS is unwilling to

---

[1] No. 05-1600 (D.D.C. Oct 26, 2005; 06-0024, D.D.C. Mar. 31, 2006

reconsider the position taken in the attached correspondence[2] and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing the instant action.

Dated July 15, 2006

_____
Jack D Thrasher
7 Hedgebell Court
The Woodlands TX 77380

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Texas, personally appeared, Jack D Thrasher, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Texas

KASEY MUTH
Notary Public, State of Texas
My Commission Expires
May 26, 2010

---

[2] The attached correspondence is provided solely to demonstrate that the defendants' agency has articulated a position that is a final agency action that defendants' agency is unwilling to reconsider and/or is biased and evidence of continued unlawful collection activities, continued harassment and/or retaliation against plaintiff(s) for pursuing this action and for no other purpose.

Jack D Thrasher v. United States.   page 3 of 4 pages   Addendum to Complaint

## CERTIFICATE OF SERVICE

I certify that I have mailed an original and one copy of the forgoing to:

Clerk of Court, United States District Court, 333 Constitution Ave. NW, Washington D.C. 20001,

and one copy to:

Kenneth L. Wainstein
United States Attorney
District of Columbia
501 3rd Street NW
Washington, District of Columbia 20001

Dated _July 17_, 2006

_____
Jack D Thrasher



**DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224**

SMALL BUSINESS / SELF-EMPLOYED DIVISION

Date: June 07, 2006

Jack D Thrasher
7 Hedgebell Court
The Woodlands, TX 77380

---

Dear Mr. Thrasher:

As per our telephone conversation earlier today, I am sending you Publications 1, 594, and 1660. Also, as you were advised, the Internal Revenue service is instituting suit to foreclose the Federal Tax liens against your house in Alto New Mexico.

Enclosed are Form 433A and Form 433B, financial statements for business and for individuals.

If you file your delinquent tax returns, (Form 1040), for the years 2001, 2002, 2003, 2004, and 2005, make adequate estimated tax payments for 2006, and submit completed financial statements with all attachments, the IRS may refrain from further enforced collection actions.

If you have any questions or need more information, please contact me at the address or the telephone number listed below:

Internal Revenue Service
12600 West Colfax Ave.
Ste C-300, M/S 5223WO
Lakewood, CO 80215

Phone#: 303-231-5270 x229
Fax#: 303-231-5265

Sincerely,

Mike Pryor
Revenue Officer
Employee ID#: 84-10124