

RECEIVED

JUL 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## FOR THE DISTRICT OF COLUMBIA

Jack D Thrasher
7 Hedgebell Court
The Woodlands TX 77380,
281-466-2693

Case No. **1:06-cv-01075** *PLF*

        Plaintiff(s),

**ADDENDUM TO COMPLAINT**

Addendum No.

v.

United States Government

        Defendant.

I/we have previously filed a claim pursuant to IRC §7433 alleging that officers/employees/agents of the Internal Revenue Service have disregarded and are continuing to disregard multiple provisions of the Internal Revenue Code and its regulations.

I/we have received the attached correspondence. I/we submit it to the Court as evidence that notwithstanding the filing of the aforementioned suit officers/employees/agents of the Internal Revenue Service continue to disregard multiple provisions of the Internal Revenue Code and its regulations and/or are retaliating against me/us for filing the instant action.

I/we have previously requested a copy of the certificate of assessment signed by an authorized assessment officer. To date I/we have not received any such certificate.

Therefore, I/we have concluded that there exists no procedurally proper assessment of taxes against me/us and that officers/employees/agents of the Internal Revenue Service have disregarded and continue to disregard sections 6201, 6202, 6203 of the code by refusing/failing to make a procedurally proper assessment and to provide me/us same upon request. In the absence of a procedurally proper assessment no collection activity may take place. In the absence of a procedurally proper assessment any collection activity is unauthorized and constitutes an exaction in the guise of a tax, i.e., felony extortion.

Please attach this addendum to my/our original 7433 claim as evidence that officers/employees/agents of the Internal Revenue Service continue to disregard provisions of the Internal Revenue Code and its regulations by engaging in collection activity in the absence of a procedurally proper assessment. As stated in my/our 7433 claim I/we seek damages for each disregard. The continued disregarding of the provisions of the Internal Revenue Code and its regulations increases the amount of damages I/we are seeking. Each piece of correspondence I/we receive from the IRS will be considered an additional disregard and will serve to increase the amount of damages I/we seek.

Dated: _____July 17_____, 2006

_____
Jack D Thrasher

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Texas, personally appeared, Jack D Thrasher, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_Cindy L Snyder_
Notary, State of Texas



CINDY L. SNYDER
Notary Public, State of Texas
My Commission Expires
November 25, 2007

I certify that I have served a copy of the foregoing on:

Kenneth L. Wainstein
United States Attorney
District of Columbia
501 3rd Street NW
Washington, District of Columbia 20001

Dated _July 18_, 2006

Jack D Thrasher

**Internal Revenue Service**
12800 West Colfax Ave.
Ste C-300, M/S 5223WO
Lakewood, CO 80215

**Department of the Treasury**

Date: June 22, 2006

James Dana Roehrig
as Co-Trustee of the SAM #2 TRUST
P O Box 455
Capitan, NM 88316

Person to Contact:
  Mr. Mike Pryor
IRS Telephone Number:
  303-231-5270 x229
Employee Identification Number:
  84-10124
Taxpayer Identification Number
  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

### Notice of Federal Tax Lien Filing--Nominee or Alter-Ego

You have been identified as the nominee, transferee or alter-ego for Diane L Thrasher. This letter is to inform you that we have filed a Notice of Federal Tax Lien.

You have the right to appeal this decision. We explain your rights in the enclosed Publication 1660, *Collection Appeal Rights*.

There may be other ways that we can resolve this issue. Contact the person named above for further information.

One option you have is to request a Certificate of Discharge from the Federal Tax Lien. However, before we will issue a discharge, you must pay the amount due or post a bond guaranteeing payment. The enclosed Publication 783, *Instructions on how to apply for a Certificate of Discharge From Federal Tax Lien*, provides information on how to request a certificate of discharge.

We will issue a Certificate of Release of Federal Tax Lien within 30 days after you pay the full amount due or within 30 days after we accept a bond guaranteeing payment.

Sincerely yours,

Mike Pryor
Revenue Officer

Enclosures:
Publication 1660, Collection Appeal Rights
Publication 783, Instruction on How to Apply for a Certificate of Discharge From Federal Tax Lien
Form 668(Y), Notice of Federal Tax Lien

Letter 3177 (DO) (Rev. 04-2003)
Catalog Number: 26821M

06/27/2006  19:01    7737744023                                PAGE  03/11

JUN-27-06 04:14 PM  THE.WILD.HERB                505 257 9421        P.03

Department of the Treasury - Internal Revenue Service

Form 668(Y)
(Rev. 10-1998)

# Notice of Federal Tax Lien

| Small Business/Self Employed Area: 6 | Serial Number | For Optional Use by Recording Office |
|---|---|---|

As provided by sections 6321, 6322, and 6323 of the Internal Revenue
Code, we are giving a notice that taxes (including interest and penalties)
have been assessed against the following-named taxpayer. We have made
a demand for payment of this liability, but it remains unpaid. Therefore,
there is a lien in favor of the United States on all property and rights to
property belonging to this taxpayer for the amount of these taxes, and
additional penalties, interest, and costs that may accrue.

**Name of Taxpayer**
James Dana Roehrig and Shirley Joan Moyer as Co-Trustees of the
SAM #2 TRUST, as nominee of
Diane L. Thrasher

**Residence**
P O Box 1216
Alto, NM 88312

IMPORTANT RELEASE INFORMATION: For each assessment listed below,
unless notice of lien is refiled by the date given in column (e), this notice shall,
on the day following such date, operate as a certificate of release as defined in
IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | XXX-XX-2185 | 02/16/1998 | 03/17/2008 | $32,768.33 |
| 1040 | 12/31/1995 | XXX-XX-2185 | 02/16/1998 | 03/17/2008 | $31,649.25 |
| 1040 | 12/31/1996 | XXX-XX-2185 | 06/23/2003 | 07/23/2013 | $47,251.69 |
| 1040 | 12/31/1997 | XXX-XX-2185 | 06/23/2003 | 07/23/2013 | $43,302.47 |
| 1040 | 12/31/1998 | XXX-XX-2185 | 06/23/2003 | 07/23/2013 | $40,462.61 |
| 1040 | 12/31/1999 | XXX-XX-2185 | 06/23/2003 | 07/23/2013 | $32,682.48 |
| 1040 | 12/31/2000 | XXX-XX-2185 | 06/23/2003 | 07/23/2013 | $28,154.79 |

This lien is limited to the following real property in Lincoln County New Mexico:

Lot T18D of DEER PARK WOODS, UNIT 3, Lincoln County, New Mexico,
as shown by the plat thereof filed in the office of the County
Clerk and Ex-officio Recorder of Lincoln County, New Mexico,
October 28, 1977, in Tube No. 599

| Place of Filing | | Total | $256,271.52 |
|---|---|---|---|
| COUNTY CLERK LINCOLN COUNTY CARRIZOZO, NM 88301 | | | |

This notice was prepared and signed at DENVER, CO, on this, the 16th day of June, 2006.

| Signature | Title |
|---|---|
| Mike Pryor, Employee # - 84-10124 | Revenue Officer, Phone # - 303-231-5270 x229 |

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)
Part 2 - Taxpayer Copy                                              Form 668(Y) (Rev. 10-1998)

06/27/2006  19:01   7737744023                                          PAGE  04/11

JUN-27-06 04:14 PM  THE.WILD.HERB                   505 257 9421              P.04

**Internal Revenue Service**                         **Department of the Treasury**
12600 West Colfax Ave.
Ste C-300, M/S 5223WO
Lakewood, CO 80215


Date: June 22, 2006

                                              Person to Contact:
                                                Mr. Mike Pryor
James Dana Roehrig                            IRS Telephone Number:
as Co-Trustee of the SAM #2 TRUST               303-231-5270 x229
P O Box 455                                   Employee Identification Number:
Capitan, NM 88316                               84-10124
                                              Taxpayer Identification Number
                                                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

### Notice of Federal Tax Lien Filing--Nominee or Alter-Ego

You have been identified as the nominee, transferee or alter-ego for Jack D Thrasher. This letter is to inform you that we have filed a Notice of Federal Tax Lien.

You have the right to appeal this decision. We explain your rights in the enclosed Publication 1660, *Collection Appeal Rights*.

There may be other ways that we can resolve this issue. Contact the person named above for further information.

One option you have is to request a Certificate of Discharge from the Federal Tax Lien. However, before we will issue a discharge, you must pay the amount due or post a bond guaranteeing payment. The enclosed Publication 783, *Instructions on how to apply for a Certificate of Discharge From Federal Tax Lien*, provides information on how to request a certificate of discharge.

We will issue a Certificate of Release of Federal Tax Lien within 30 days after you pay the full amount due or within 30 days after we accept a bond guaranteeing payment.

                                    Sincerely yours,


                                    Mike Pryor
                                    Revenue Officer


Enclosures:
Publication 1660, Collection Appeal Rights
Publication 783, Instruction on How to Apply for a Certificate of Discharge From Federal Tax Lien
Form 668(Y), Notice of Federal Tax Lien


                                    Letter 3177 (DO) (Rev. 04-2003)
                                    Catalog Number: 26921M

06/27/2006  19:01    7737744023                                                      PAGE  05/11

JUN-27-06 04:15 PM  THE.WILD.HERB                    585 257 9421              P.05

**Form 668(Y)**
(Rev. 10-1999)

**Department of the Treasury - Internal Revenue Service**

# Notice of Federal Tax Lien

| Small Business/Self Employed Area: 6 | Serial Number | For Optional Use by Recording Office |
|---|---|---|

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer**
James Dana Roehrig and Shirley Joan Meyer as Co-Trustees of the SAM #2 TRUST, as nominee of
Jack D. Thrasher

**Residence**
P.O. Box 1216
Alto, NM 88312

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | XXX-XX-4082 | 02/16/1998 | 03/17/2008 | $97,515.01 |
| 1040 | 12/31/1995 | XXX-XX-4082 | 02/16/1998 | 03/17/2008 | $110,482.40 |
| 1040 | 12/31/1996 | XXX-XX-4082 | 02/10/2003 | 03/12/2013 | $46,500.74 |
| 1040 | 12/31/1997 | XXX-XX-4082 | 02/10/2003 | 03/12/2013 | $42,604.23 |
| 1040 | 12/31/1998 | XXX-XX-4082 | 02/10/2003 | 03/12/2013 | $39,519.61 |
| 1040 | 12/31/1999 | XXX-XX-4082 | 02/10/2003 | 03/12/2013 | $35,205.56 |
| 1040 | 12/31/2000 | XXX-XX-4082 | 02/10/2003 | 03/12/2013 | $29,650.62 |

This lien is limited to the following real property in Lincoln County New Mexico:

Lot T18D of DEER PARK WOODS, UNIT 3, Lincoln County, New Mexico,
as shown by the plat thereof filed in the office of the County
Clerk and Ex-officio Recorder of Lincoln County, New Mexico,
October 28, 1977, in Tube No. 599

| Place of Filing | | Total | $401,478.17 |
|---|---|---|---|
| COUNTY CLERK<br>LINCOLN COUNTY<br>CARRIZOZO, NM 88301 | | | |

This notice was prepared and signed at DENVER, CO, on this, the 14th day of June, 2006.

| Signature | | Title | |
|---|---|---|---|
| Mike Pryor, Employee # - 94-10134 | | Revenue Officer, Phone # - 303-231-5270 x399 | |

NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409

Part 2 - Taxpayer Copy                                                    Form **668(Y)** (Rev. 10-1999)

# Collection Appeal Rights

You can appeal many IRS collection actions. There are various collection appeal procedures available to you. The two main procedures are **Collection Due Process (CDP)** and **Collection Appeals Program (CAP)**. There are other collection actions which have their own specific appeal procedures. These other actions are discussed at the bottom of page four of this publication.

**Collection Due Process (CDP)** is available if you receive one of the following notices: Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (Lien Notice), a *Final Notice - Notice of Intent to Levy and Notice of Your Right to A Hearing, a Notice of Jeopardy Levy and Right of Appeal, a Notice of Levy on Your State Tax Refund Notice of Your Right to a Hearing (Levy Notices)*. If you disagree with the CDP decision, you can go to court. CDP is more thoroughly described on pages one and two of this publication.

**Collection Appeals Program (CAP)** is generally quicker and available for a broader range of collection actions. However, you can't go to court if you disagree with the CAP decision. CAP procedures are described on pages three and four of this publication.

You may represent yourself at CDP CAP and other Appeals proceedings. Or, you can have an attorney, certified public accountant, or a person enrolled to practice before the IRS represent you. If you want your representative to appear without you, you must provide a properly completed Form 2848, *Power of Attorney and Declaration of Representative*. This form is available at your local IRS office, or by calling 1-800-829-3676, or from our web site at www.irs.gov.

## HEARING AVAILABLE UNDER COLLECTION DUE PROCESS (CDP)
### For Lien and Levy Notices

You have the right to a CDP hearing by the IRS Office of Appeals for these collection actions: the first time a Notice of Federal Tax Lien is filed on a tax period; before we send the first levy on your property for a tax period; when we levy your state refund; and when we issue a jeopardy levy. You may contest the CDP decision in the Tax Court or an U.S. District Court, as appropriate.

**Lien Notice:** The IRS is required to notify you the first time a Notice of Federal Tax Lien is filed for each tax period. We have to notify you within 5 days after the lien notice filing. You then have 30 days, after that 5-day period, to request a hearing with the Office of Appeals. The lien notice you receive will indicate the date this 30-day period expires.

**Levy Notice:** For each tax period, the IRS is required to notify you the first time we intend to collect a tax liability by taking your property or rights to property. We do this by sending you a levy notice. We can't levy or seize your property within 30 days from the date this notice is mailed, or given to you, or left at your home or office. During that 30-day period, you may request a hearing with the Office of Appeals. There are two exceptions to this notice of intent to levy provision. We may issue a levy without sending this notice or waiting 30 days when collection of the tax is in jeopardy. We may also levy on your state tax refund without sending a notice or waiting 30 days. You can request a hearing after the levy action for both of these instances.

### How do you request a hearing under Collection Due Process with the Office of Appeals?

Complete Form 12153, *Request for a Collection Due Process Hearing*, and send it to us at the address shown on your lien or levy notice within 30 days. Check the IRS action(s) you disagree with, and explain why you disagree. If you received both a lien and a levy notice, you may appeal both actions. You must identify all of your reasons for disagreement with us at this time. You may raise issues relating to the unpaid tax including:

06/27/2006  19:01    7737744023                                    PAGE  07/11
JUN-27-06 04:16 PM  THE.WILD.HERB              505 257 9421        P.07

- Appropriateness of collection actions
- Collection alternatives such as installment agreement, offer in compromise, posting a bond or substitution of other assets
- Appropriate spousal defenses
- The existence or amount of the tax, but only if you did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.

You may not raise an issue that was raised and considered at a prior administrative or judicial hearing, if you participated meaningfully in the prior hearing or proceeding.

To preserve your right to go to court, you must send us the Form 12153 within 30 days. Form 12153 is also available by calling 1-800-829-3676, or from our web site at www.irs.gov. Include a copy of your lien and/or levy notice. List all taxes and tax periods for which you are requesting a hearing. Under CDP, you are entitled to only one hearing relating to a lien notice and one hearing relating to a levy notice, for each taxable period. If you receive a subsequent lien or levy notice after you request a hearing on an earlier notice, Appeals can consider both matters at the same time.

Before you formally appeal a lien or levy notice by sending us Form 12153, you may be able to work out a solution with the Collection function that took the action. To do so, contact the IRS employee whose name appears on the lien or levy notice and explain why you disagree with the action. This contact, however, does NOT extend the 30-day period to make a written request for a CDP hearing.

**What will happen when you request a CDP hearing with the Office of Appeals?**

After you request a hearing, you can still discuss your concerns with the office collecting the tax or filing the Notice of Federal Tax Lien. If you are able to resolve the issues with that office, you may withdraw your request for a hearing.

The Office of Appeals will contact you to schedule a hearing. Your hearing may be held either in person, by telephone or by correspondence.

Unless we have reason to believe that collection of the tax is in jeopardy, we will stop levy action during the 30 days after the levy notice and, if your appeal is timely, during the appeal process.

Your appeal is timely if you mail your request for a hearing to the address shown on our notice on or before the 30th day after the date of the levy notice or the date shown on the lien notice. If we receive a timely filed Form 12153, we will also suspend the 10-year collection statute of limitations until the date the determination is final or you withdraw, in writing, your request for a hearing.

At the conclusion of the hearing, Appeals will issue a written determination letter. If you agree with Appeals' determination, both you and the IRS are required to live up to the terms of the determination.

If you don't agree with Appeals' determination, you may request judicial review of the determination by initiating a case in a court of proper jurisdiction (United States Tax Court or United States District Court, depending on the circumstances) on or before the 30th day after the date of Appeals' determination. Once the Court rules, its decision will be binding on both you and the IRS.

The Office of Appeals will retain jurisdiction over its determinations and how they are carried out. You may also return to Appeals if your circumstances change and impact the original determination. However, you must exhaust your administrative remedies first.

If your appeal request is not timely, you will be allowed a hearing, but there will be no statutory suspension of collection action and you can't go to court if you disagree with Appeals' decision.

# ADMINISTRATIVE COLLECTION APPEAL RIGHTS
## COLLECTION APPEALS PROGRAM (CAP)

**For liens, levies, seizures and installment agreements
under the CAP procedure, you don't have the right to a judicial review of Appeals' decision.**

The CAP procedure is available under more circumstances than the Collection Due Process hearing procedure. It is important to note that you can't proceed to court if you don't agree with Appeals' decision in your CAP case. Collection actions you can appeal are:

**Notice of Federal Tax Lien.** You may appeal before or after the IRS files a lien. You may also appeal denied requests to withdraw a Notice of Federal Tax Lien, and denied discharges, subordinations, and non-attachments of a lien. If the IRS files a Notice of Federal Tax Lien, you may have additional Collection Due Process appeal rights. See the preceding information regarding Hearing Available under Collection Due Process.

**Notice of Levy.** You may appeal before or after the IRS places a levy on your wages, bank account or other property. Before a levy is issued, you may have additional Collection Due Process appeal rights. See the preceding information regarding Hearing Available Under Collection Due Process.

**Seizure of Property.** You may appeal before or after the IRS makes a seizure. If you request an appeal after the IRS makes a seizure, you must appeal to the Collection manager within 10 business days after the Notice of Seizure is provided to you, or left at your home or business.

**Denial or Termination of Installment Agreement.** You may appeal when you are notified that the IRS intends to deny you an installment agreement. You may also appeal when we propose to terminate or terminate your installment agreement. The right to appeal denials or terminations of installment agreements is provided by law rather than provided by IRS administratively. As such, there are some differences between CAP for installment agreements and other CAP cases, such as levies etc.

*How do you appeal one of these IRS actions if your only collection contact has been a notice or telephone call?*

1. Call the IRS at the telephone number shown on your notice. Be prepared to explain which action(s) you disagree with and why you disagree. You must also offer your solution to your tax problem.

2. If you can't reach an agreement with the employee, tell the employee that you want to appeal their decision. The employee must honor your request and will refer you to a manager. The manager will either speak with you then, or will return your call within 24 hours.

3. Explain which action(s) you disagree with and why you disagree to the manager. The manager will make a decision on the case. If you don't agree with the manager's decision, your case will be forwarded to an Appeals Officer for review.

*How do you appeal one of these IRS collection actions if you have been contacted by a Revenue Officer?*

1. If you disagree with the decision of the Revenue Officer, and wish to appeal under CAP, you must first request a conference with a Collection manager.

2. If you do not resolve your disagreement with the Collection manager, you may request Appeals consideration by completing Form 9423, *Collection Appeal Request*. This form is available by calling 1-800-829-3676, or from our web site at www.irs.gov. Check the action(s) you disagree with and explain why you disagree. You must also explain your solution to resolve your tax problem.

3. Submit the Form 9423 to that Collection Office.

4. The Collection Office must receive your appeal request for a lien, levy or seizure within 2 days of your conference with the Collection manager or we will resume collection action. For an appeal request for a denial or termination of an installment agreement, you have 30 days from the date of denial or termination of your installment agreement, to submit your request to the Collection Office.

06/27/2006  19:01    7737744023                                      PAGE  09/11

JUN-27-06 04:17 PM  THE.WILD.HERB                505 257 9421              P.09

**Important:** The IRS can not levy until 30 days after the denial or termination of an Installment Agreement. If you appeal the denial or termination of an installment agreement within that 30-day period, we must stop levy action until your appeal is completed.

### What will happen when you appeal your case?

Lien, Levy and Seizure: Normally, we will stop collection action on the tax periods the Appeal Officer is considering, unless we believe the collection of the tax is at risk.

Installment Agreements: The IRS can't levy until 30 days after the denial or termination of your agreement. If you appeal within that 30-day period, we will stop levy action until your appeal is completed.

Once the Appeals Officer makes a decision on your case, that decision is binding on both you and the IRS. This means that both you and the IRS are required to accept the decision and live up to its terms. You cannot obtain judicial review of an Appeals Officer's decision following a CAP hearing.

**Note:** Providing false information, failure to provide all pertinent information or fraud will void Appeals' decision.

## APPEAL OF OTHER COLLECTION ACTIONS

You may also appeal other Collection actions such as denied Offers in Compromise (OIC) or Trust Fund Recovery Penalties (TFRP) that the IRS is proposing. Other penalties are also appealable, if you made an abatement request that was denied.

For OIC's and TFRPs, follow the protest requirements in Publication 5, *Your Appeal Rights and How To Prepare A Protest If You Don't Agree.* The correspondence you receive on these types of cases will explain where you should send your protest. For other penalties, follow the instructions in the letter that denies your abatement



Department of the Treasury
Internal Revenue Service

www.irs.gov

Publication 1660 (Rev. 05-2006)
Catalog Number 143762

Instructions on how to apply for

# Certificate of Discharge of Property From Federal Tax Lien

Since there is no standard form available for an application for a certificate of discharge of property from a Federal tax lien, a typewritten request will be considered as an application. Submit your written request and all accompanying documents in duplicate to:

District Director of Internal Revenue
(Address to District in which the property is located.)

Attention of: Chief, Special Procedures Staff
Give date of application.

## Information required on application

Please give the name and address of the person applying under section 6325(b) of the Internal Revenue Code, for a certificate of discharge. See the reverse of this publication for applicable Internal Revenue Code sections. Give the name and address of the taxpayer, and describe the property as follows:

1. Give a detailed description, including the location of the property for which you are requesting the certificate of discharge. If real property is involved, submit a legible copy of the title or deed to the property, and the complete address (street, city, state). If the certificate is requested under section 6325(b)(1), also give a description of all the taxpayer's remaining property subject to the lien.

2. Show how and when the taxpayer has been or will be divested of all rights, title and interest in and to the property for which a certificate of discharge is requested.

3. Attach a copy of each notice of Federal tax lien, or furnish the following information as it appears on each filed notice of Federal tax lien:

   a. The name of the Internal Revenue District;
   b. The name and address of the taxpayer against whom the notice was filed;
   c. The serial number shown on the lien;
   d. The taxpayer's identification number shown on the lien; and
   e. The date and place the notice was filed.

4. In lieu of the above, a preliminary title report may be substituted listing the required information.

5. List the encumbrances (or attach a copy of the instrument that created each encumbrance) on the property which you believe have priority over the Federal tax lien. For each encumbrance show:

a. The name and address of the holder;
b. A description of the encumbrance;
c. The date of the agreement;
d. The date and place of the recording, if any;
e. The original principal amount and the interest rate;
f. The amount due as of the date of the application, if known (show costs and accrued interest separately); and
g. Your family relationship, if any, to the taxpayer and to the holders of any other encumbrances on the property.

6. In lieu of the above, a preliminary title report may be substituted listing the required information.

7. Itemize all proposed or actual costs, commissions and expenses of any transfer or sale of the property.

8. Furnish information to establish the value of the property. If the certificate is requested under section 6325(b)(1) furnish an estimate of the fair market value of the property which will remain subject to the lien. In addition,

   a. If private sale—Submit written appraisals by two disinterested people qualified to appraise the property, and a brief statement of each appraiser's qualifications.
   b. If public sale (auction) already held—Give the date and place the sale was held, and the amount for which the property was sold.
   c. If public sale (auction) to be held—Give the proposed date and place of the sale, and include a statement that the United States will be paid in its proper priority from the proceeds of the sale.

9. Give any other information that might, in your opinion, have bearing upon the application, such as pending judicial actions.

10. The District Director may request that you furnish additional information.

11. If you are submitting the application under the provisions of section 6325(b)(3), dealing with the substitution of proceeds of sale, attach a copy of the proposed agreement containing the following:

   a. The name and address of the proposed escrow agent;
   b. The caption, type of account, name and address of depositary for the account;
   c. The conditions under which the escrow fund is to be held;
   d. The conditions under which payment will be made from escrow, including the limitation for negotiated settlement of claims against the fund;

e. The estimated costs of the escrow;

f. The name and address of any other party you and the District Director determine to be a party to the escrow agreement;

g. Your signature, and those of the escrow agent, the District Director and any other party to the escrow agreement; and

h. Any other specific information the District Director requests.

12. Give a daytime telephone number where you may be reached.

13. Give the name, address and telephone number of your attorney or other representative, if any.

14. Write the following declaration over your signature and title: "Under penalties of perjury, I declare that I have examined this application, including any accompanying schedules, exhibits, affidavits, and statements, and to the best of my knowledge and belief it is true, correct, and complete."

## Additional Information

Please follow the instructions in this publication when applying for a Certificate of Discharge of Property From Federal Tax Lien.

The District Director has the authority to issue a certificate of discharge of a lien that is filed on any part of a taxpayer's property subject to the lien. The following sections and provisions of the Internal Revenue Code apply:

Section 6325(b)(1)—A specific property may be discharged if the taxpayer's property remaining subject to the lien has a Fair Market Value (FMV) which is double the sum of the balance due a) all Federal Tax Liens b) all other liens. (FMV=(a+b)x2)

Section 6325(b)(2)(A)—If there is paid in partial satisfaction of the liability secured by the lien an amount determined to be not less than the value of the interest of the United States in the property to be discharged.

Section 6325(b)(2)(B)—It is determined that the interest of the United States in the property to be discharged has no value.

Section 6325(b)(3)—If the property subject to the lien is sold and, under an agreement with the Internal Revenue Service, the proceeds from the sale are to be held as a fund subject to the liens and claims of the United States in the same manner and with the same priority as the liens and claims on the discharged property.

Section 6325(b)(4)—At the request of the non-taxpayer owner, a discharge will be issued on any property subject to a lien if the owner deposits an amount equal to the value of the government's interest or furnishes an acceptable bond in an amount subject to the government's interest in the property.

1. No payment is required for the issuance of a certificate under section 6325(b)(1) or 6325(b)(2)(B) of the Code. Payment is required for certificates issued under section 6325(b)(2)(A). Do not send the payment with your application. The District Director will notify you after determining the amount due.

2. The District Director will have your application investigated to determine whether to issue the certificate, and will let you know the outcome.

3. A certificate of discharge under section 6325(b)(2)(A) will be issued upon receipt of the amount determined to be the interest of the United States in the subject property under the Federal tax lien. Make remittances in cash, or by a certified, cashier's, or treasurer's check drawn on any bank or trust company incorporated under the laws of the United States or of any state or possession of the United States, or by United States postal, bank, express or telegraph money order. (If you pay by uncertified personal check, issuance of the certificate of discharge will be delayed until the bank honors the check.)

4. If application is made under section 6325(b)(2)(A) or 6325(b)(2)(B) because a mortgage foreclosure is contemplated, there will be a determination of the amount required for discharge or a determination that the Federal tax lien interest in the property is valueless.

Within 30 days from the date of the application, the applicant will receive a written conditional commitment for a certificate of discharge. When the foreclosure proceeding has been concluded, a certificate of discharge will be issued in accordance with the terms of the commitment letter. Also see Publication 487 (Catalog No. 46553K), *How to Prepare Application Requesting the United States to Release Its Right to Redeem Property Secured by a Federal Tax Lien.*

5. If application is made under the provisions of section 6325(b)(3), the District Director has the authority to approve an escrow agent selected by the applicant. Any reasonable expenses incurred in connection with the sale of the property, the holding of the fund, or the distribution of the fund shall be paid by the applicant or from the proceeds of the sale before satisfaction of any claims and liens. Submit a copy of the proposed escrow agreement as part of the application.

6. A certificate of discharge under 6325(b)(4) will be issued when an amount equal to the United States interest in the property is received. The United States interest in the property may be made in the form of cash, other certified funds, or the posting of a bond acceptable to the Secretary.



Department of the Treasury
Internal Revenue Service
Publication 783 (Rev. 2-1999)
Catalog Number 46755I

07/12/2006  16:00  7737744023                                                    PAGE  01/08

JUL-12-2006 01:41P FROM:                    12814662693        TO:17737744023          P.1

| Form 668 (Y)(c) | 1872 | Department of the Treasury - Internal Revenue Service |
|---|---|---|

## Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #6
(800) 913-6050

Serial Number
299135906

**For Optional Use by Recording Office**

- This Notice of Federal Tax Lien has been filed as a matter of public record.

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- IRS will continue to charge penalty and interest until you satisfy the amount you owe.

- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.

Name of Taxpayer    JACK D THRASHER

Residence    7 HEDGEBELL COURT
THE WOODLANDS, TX 77380

- See the back of this page for an explanation of your Administrative Appeal rights.

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | 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 | 02/16/1998 | 03/17/2008 | 97516.01 |
| 1040 | 12/31/1995 | 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 | 02/16/1998 | 03/17/2008 | 110482.40 |
| 1040 | 12/31/1996 | 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 | 02/10/2003 | 03/12/2013 | 46500.74 |
| 1040 | 12/31/1997 | 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 | 02/10/2003 | 03/12/2013 | 42604.23 |
| 1040 | 12/31/1998 | 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 | 02/10/2003 | 03/12/2013 | 39519.61 |
| 1040 | 12/31/1999 | 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 | 02/10/2003 | 03/12/2013 | 35205.56 |
| 1040 | 12/31/2000 | 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 | 02/10/2003 | 03/12/2013 | 29650.62 |

| Place of Filing | COUNTY CLERK MONTGOMERY COUNTY CONROE, TX 77305 | Total | 401479.17 |
|---|---|---|---|

This notice was prepared and signed at    DALLAS, TX    , on this,

the  23rd  day of  June    ,  2006 .

Signature  R. A. Mitchell

Title
REVENUE OFFICER    26-10-4668
(303) 231-5270 x2290

for MICHAEL J PRYOR

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)    Part 3 - Taxpayer's Copy

CAT. NO 60025;
Form 668 (Y)(c) (Rev. 02-0

## Lien
This Notice of Federal Tax Lien gives public notice that the government has a lien on all you property (such as your house or car), all your rights to property (such as money owed to you) and to property you acquire after this lien is filed.

## Your Administrative Appeal Rights
If you believe the IRS filed this Notice of Federal Tax Lien in error, you may appeal if any of the following conditions apply:

- You had paid all tax, penalty and interest before the lien was filed;

- IRS assessed tax after the date you filed a petition for bankruptcy;

- IRS mailed your notice of deficiency to the wrong address;

- You have already filed a timely petition with the Tax Court;

- The statute of limitations for collection ended before IRS filed the notice of lien.

Your appeal request must be in writing and contain the following:

- Your name, current address and SSN/EIN;

- Copy of this notice of lien, if available;

- The specific reason(s) why you think the IRS is in error;

- Proof that you paid the amount due (such as cancelled check);

- Proof that you filed a bankruptcy petition before this lien was filed.

Send your written request to the IRS, Attention: Technical Services Group Manager, in the office where this notice of lien was filed.

## When This Lien Can Be Released

The IRS will issue a Certificate of Release of Federal Tax Lien within 30 days after:

- You pay the tax due, including penalties, interest, and any other additions under law, or IRS adjusts the amount due, or;

- The end of the time period during which we can collect the tax (usually 10 years).

Publication 1450, Request for Release of Federal Tax Lien, available at IRS offices, describes this process.

## When a Lien against Property can be Removed
The IRS may remove the lien from a specific piece of property if any of the following conditions apply:

- You have other property subject to this lien that is worth at least two times the total of the tax you owe, including penalties and interest, plus the amount of any other debts you owe on the property (such as a mortgage);

- You give up ownership in the property and IRS receives the value of the government's interest in the property;

- IRS decides the government's interest in the property has no value when you give up ownership;

- The property in question is being sold; there is a dispute about who is entitled to the sale proceeds; and the proceeds are placed in escrow while the dispute is being resolved.

Publication 783, Instructions on How to Apply for a Certificate of Discharge of Property from a Federal Tax Lien, available at IRS offices, describes this process.

## Gravamen
Este Aviso de Gravamen del Impuesto Federal da aviso público que el gobierno tiene un gravamen en todas sus propiedades (tal como su casa o carro), todos sus derechos a propiedad (tales como el dinero que le adeudan a usted) y la propiedad que adquiera después que se presentó este gravamen.

## Sus Derechos de Apelación Administrativa
Si usted cree que el IRS presentó este Aviso de Gravamen del Impuesto Federal por error, usted puede apelar si cualquiera de las siguientes condiciones le aplican:

- Usted pagó todo el impuesto, multa, interés antes de que el gravamen fuera presentado;

- El IRS tasó el impuesto después de la fecha en que usted presentó una petición de quiebra;

- El IRS le envió por correo el aviso de deficiencia a una dirección incorrecta;

- Usted presentó a tiempo una petición ante la Corte de Impuesto;

- El IRS no presentó el aviso de gravamen dentro del término prescriptivo.

Su petición de apelación tiene que estar por escrito y debe incluir lo siguiente:

- Su nombre, dirección actual y SSN/EIN;

- Una copia de este aviso de gravamen, si está disponible;

- La razón (o razones) específica(s) por qué piensa que el IRS esta erróneo;

- Prueba que pagó la cantidad adeudada (tal como un cheque cancelado);

- Prueba que presentó una petición de quiebra antes de que se presentara el gravamen.

Envíe su petición por escrito al IRS, Atención: Technical Services Group Manager (Grupo de Gerente Servicios Técnicos) en la oficina donde este aviso de gravamen fue presentado.

## Cuándo Este Gravamen Se Puede Cancelar
El IRS emitirá un Certificado de Cancelación de Gravamen del Impuesto Federal dentro de 30 días después que:

- Usted paga el impuesto adeudado, incluyendo multas, intereses, y otras sumas adicionales según la ley, o el IRS ajusta la cantidad adeudada, o;

- Aceptemos una fianza garantizando el pago de su deuda;

- La expiración del término en que podemos cobrar el impuesto (usualmente 10 años).

La Publicación 1450, en inglés, "Petition Para Cancelar el Gravamen del Impuesto Federal", describe este proceso y está disponible en las oficinas del IRS.

## Cuándo un Gravamen en Contra de la Propiedad Puede Eliminarse
El IRS puede eliminar el gravamen de una propiedad específica si cualquiera de las siguientes condiciones aplican:

- Usted tiene otra propiedad sujeta a este gravamen cuyo valor es por lo menos dos veces el total del impuesto que usted adeuda, incluyendo intereses y multas, más la cantidad de cualquiera de las otras deudas que adeuda sobre la propiedad (tal como una hipoteca);

- Usted cede su interés en la propiedad y el IRS recibe el valor del interés del gobierno en la propiedad;

- El IRS decide que el interés del gobierno en la propiedad no tiene valor alguno cuando usted cedió su interés en la propiedad;

- La propiedad gravada será vendida; existe una controversia sobre quién tiene derecho al producto de la venta; y se depositan los fondos recibidos en la venta en una cuenta especial en lo que se resuelva la controversia.

La Publicación 783 en inglés, "Instrucciones de Como Solicitar un Certificado de Relevo de la Propiedad de un Gravamen del Impuesto Federal", describe éste proceso y está disponible en las oficinas del IRS.

Form 668 (Y) (c) (Rev. 02-2004)

07/12/2006  16:00    7737744023                                      PAGE  03/08

JUL-12-2006 01:43P FROM:              12014662693          TO:17737744023        P.3

**IRS** Department of the Treasury
Internal Revenue Service          **CERTIFIED MAIL**          Letter Date:    07/05/2006
PO BOX 145585 STOP 84286                                     Taxpayer Identification Number:
CINCINNATI, OH  45250-5585           7178 2665 9394 6164 2372   555-46-40B2
                                                            Contact Person:
                                                              MICHAEL J PRYOR
                                                            Employee Identification Number:
                                                              84-10124
                                                            Contact Telephone Number:
                                                              (303) 231-5270 x2290

        JACK B THRASHER
        7 HEDGEBELL COURT
        THE WOODLANDS, TX 77380

542

### Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320

We filed a Notice of Federal Tax Lien on 06/27/2006

| Type of Tax | Tax Period | Amount Owed |
|---|---|---|
| 1040 | 12/31/1994 | 97516.01 |
| 1040 | 12/31/1995 | 110482.40 |
| 1040 | 12/31/1996 | 46500.74 |
| 1040 | 12/31/1997 | 42604.23 |
| 1040 | 12/31/1998 | 39519.61 |
| 1040 | 12/31/1999 | 35205.56 |
| 1040 | 12/31/2000 | 29650.62 |

The lien attaches to all the property you currently own and to all property you may acquire in the future.  It also may damage your credit rating and hinder your ability to obtain additional credit.

You have a right to request a hearing with us to appeal this collection action and to discuss your payment method options.  To explain the different collection appeal procedures available to you, we've enclosed Publication 1660, *Collection Appeal Rights.*

If you want to request a hearing, please complete the enclosed form 12153,  *Request for a Collection Due Process Hearing,* and mail it to:

                Internal Revenue Service
                GOLDEN HILL BLDG.
                12600 WEST COLFAX STE C-300
                LAKEWOOD, CO 80215

You must request your hearing by   08/04/2006.

We'll issue a Certificate of Release of the Federal Tax Lien within 30 days after you pay the full amount owed.  To get the current amount owed, contact the person whose name and telephone number appear at the top of this letter.

                                   (over)

                                                    Letter 3172 (DO) rev (11-2004)
                                                    Catalog No 267671

We'll also release the lien within 30 days after we accept a bond guaranteeing payment of the amount owed or after we adjust your account based on the decision of your requested hearing. We enclosed Publication 1450, Instructions on how to Request a Certificate of Release of Federal Tax Lien.

If you have any questions, please contact the person whose name and telephone number appear at the top of this letter.

Sincerely,

K. N. Mitchell

Director, Campus Compliance Operations

Enclosures:
Publication 1, *Your Rights as a Taxpayer*
Publication 1450, *Instructions on How to Request a Certificate of Release of Federal Tax Lien*
Publication 1660, *Collection Appeal Rights*
Form 668-Y (C), *Notice of Federal Tax Lien*
Form 12153, *Request for a Collection Due Process Hearing*

# Collection Appeal Rights

You can appeal many IRS collection actions. There are various collection appeal procedures available to you. The two main procedures are **Collection Due Process (CDP)** and **Collection Appeals Program (CAP)**. There are other collection actions which have their own specific appeal procedures. These other actions are discussed at the bottom of page four of this publication.

**Collection Due Process (CDP)** is available if you receive one of the following notices: Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (Lien Notice), *a Final Notice - Notice of Intent to Levy and Notice of Your Right to A Hearing, a Notice of Jeopardy Levy and Right of Appeal, a Notice of Levy on Your State Tax Refund – Notice of Your Right to a Hearing (Levy Notices).* If you disagree with the CDP decision, you can go to court. CDP is more thoroughly described on pages one and two of this publication.

**Collection Appeals Program (CAP)** is generally quicker and available for a broader range of collection actions. However, you can't go to court if you disagree with the CAP decision. CAP procedures are described on pages three and four of this publication.

You may represent yourself at CDP, CAP and other Appeals proceedings. Or, you can have an attorney, certified public accountant, or a person enrolled to practice before the IRS represent you. If you want your representative to appear without you, you must provide a properly completed Form 2848, *Power of Attorney and Declaration of Representative*. This form is available at your local IRS office, or by calling 1-800-829-3676, or from our web site at **www.irs.gov.**

## HEARING AVAILABLE UNDER COLLECTION DUE PROCESS (CDP)
### For Lien and Levy Notices

You have the right to a CDP hearing by the IRS Office of Appeals for these collection actions: the first time a Notice of Federal Tax Lien is filed on a tax period; before we send the first levy on your property for a tax period; when we levy your state refund; and when we issue a jeopardy levy. You may contest the CDP decision in the Tax Court or an U.S. District Court, as appropriate.

**Lien Notice:** The IRS is required to notify you the first time a Notice of Federal Tax Lien is filed for each tax period. We have to notify you within 5 days after the lien notice filing. You then have 30 days, after that 5-day period, to request a hearing with the Office of Appeals. The lien notice you receive will indicate the date this 30-day period expires.

**Levy Notice:** For each tax period, the IRS is required to notify you the first time we intend to collect a tax liability by taking your property or rights to property. We do this by sending you a levy notice. We can't levy or seize your property within 30 days from the date this notice is mailed, or given to you, or left at your home or office. During that 30-day period, you may request a hearing with the Office of Appeals. There are two exceptions to this notice of intent to levy provision. We may issue a levy without sending this notice or waiting 30 days when collection of the tax is in jeopardy. We may also levy on your state tax refund without sending a notice or waiting 30 days. You can request a hearing after the levy action for both of these instances.

*How do you request a hearing under Collection Due Process with the Office of Appeals?*

Complete Form 12153, *Request for a Collection Due Process Hearing*, and send it to us at the address shown on your lien or levy notice within 30 days. Check the IRS action(s) you disagree with, and explain why you disagree. If you received both a lien and a levy notice, you may appeal both actions. You must identify all of your reasons for disagreement with us at this time. You may raise issues relating to the unpaid tax including:

Instructions on How to Request a

# Certificate of Release of Federal Tax Lien

Section 6325(a) of the Internal Revenue Code directs us to release a Federal Tax Lien after a tax liability becomes fully paid or legally unenforceable. We also must release a lien when we accept a bond for payment of the tax.

If we haven't released the lien within 30 days, you can ask for a Certificate of Release of Federal Tax Lien.

### Requesting a Copy of the Certificate

If you have paid the tax you owed and have not received a copy of the Certificate of Release of Federal Tax Lien, you may call 1-800-913-6050. If you prefer to write, see page 2 for the address to which your request should be mailed or faxed.

The certificate you receive will not show the official recording information. For a copy of the recorded certificate, you must contact the recording office where the Certificate of Release of Federal Tax Lien was filed.

### Other Requests

Requests for certificates of release for any other reason should be mailed to IRS, Attn: Technical Services Advisory Group Manager. Use Publication 4235, Technical Services Advisory Group Addresses, to determine where to mail your request.

Send your written request with any required documents to the appropriate address.

**Your request must contain the following information:**

1. The date of your request,
2. The name and address of the taxpayer,
3. One copy of each Notice of Federal Tax Lien you want released, and
4. Why you want us to release the lien.

If you've paid the tax, enclose a copy of either of the following:

1. An Internal Revenue receipt,
2. A canceled check, or
3. Any other acceptable proof.

Please include a telephone number with the best time for us to call you should we need additional information.

We may need to research your account to confirm you no longer have a liability. We will provide a release once we have done so.

If you have an immediate or urgent need for a Certificate of Release of Federal Tax Lien, visit or telephone your local IRS office. Be prepared to show proof of payment.

You can pay any unpaid tax with a certified check, cashier's check, or postal or bank money order to receive the certificate of release.

**IRS**  Department of the Treasury    Publication 1450 (Rev. 12-2005)
         Internal Revenue Service    Catalog Number 10665H
                      www.irs.gov

07/12/2006  16:00   7737744023                                    PAGE  07/08

JUL-12-2006 01:43P FROM:              12814662693        TO:17737744023        P.7

# Case Processing Address and Phone Numbers

Send your written request with any required documents to:

Internal Revenue Service
CCP - Lien Unit
P.O. Box 145595
Stop 8420G Team *(enter Team Number from list below)*
Cincinnati, Ohio  45250-5595

| State | Team | Fax Number | State | Team | Fax Number |
|-------|------|-----------|-------|------|-----------|
| Alabama | 205 | 859-669-3805 | Pennsylvania | 202 | 859-669-3805 |
| Alaska | 206 | 859-669-5152 | Puerto Rico | 204 | 859-669-4961 |
| Arizona | 206 | 859-669-5152 | Rhode Island | 203 | 859-669-4954 |
| Arkansas | 205 | 859-669-3805 | South Carolina | 201 | 859-669-3805 |
| California | 207 | 859-669-4954 | South Dakota | 206 | 859-669-5152 |
| Colorado | 206 | 859-669-5152 | Tennessee | 205 | 859-669-3805 |
| Connecticut | 203 | 859-669-4954 | Texas | 205 | 859-669-3805 |
| District of Columbia | 201 | 859-669-3805 | Utah | 206 | 859-669-5152 |
| Delaware | 201 | 859-669-3805 | Vermont | 203 | 859-669-4954 |
| Florida | 201 | 859-669-3805 | Virginia | 201 | 859-669-3805 |
| Georgia | 205 | 859-669-3805 | Washington | 206 | 859-669-3805 |
| Hawaii | 206 | 859-669-5152 | West Virginia | 202 | 859-669-5152 |
| Idaho | 206 | 859-669-5152 | Wisconsin | 206 | 859-669-5152 |
| Illinois | 206 | 859-669-5152 | Wyoming | 206 | 859-669-5152 |
| Indiana | 206 | 859-669-5152 | | | |
| Iowa | 206 | 859-669-5152 | | | |
| Kansas | 206 | 859-669-5152 | | | |
| Kentucky | 202 | 859-669-5152 | | | |
| Louisiana | 205 | 859-669-3805 | | | |
| Maine | 203 | 859-669-4954 | | | |
| Maryland | 201 | 859-669-3805 | | | |
| Massachusetts | 203 | 859-669-4954 | | | |
| Michigan | 202 | 859-669-5152 | | | |
| Minnesota | 206 | 859-669-5152 | | | |
| Mississippi | 205 | 859-669-3805 | | | |
| Missouri | 206 | 859-669-5152 | | | |
| Montana | 206 | 859-669-5152 | | | |
| Nebraska | 206 | 859-669-5152 | | | |
| Nevada | 206 | 859-669-5152 | | | |
| New Hampshire | 203 | 859-669-4954 | | | |
| New Jersey | 202 | 859-669-5152 | | | |
| New Mexico | 206 | 859-669-5152 | | | |
| New York | 203 | 859-669-4954 | | | |
| North Carolina | 201 | 859-669-3805 | | | |
| North Dakota | 206 | 859-669-5152 | | | |
| Ohio | 202 | 859-669-5152 | | | |
| Oklahoma | 205 | 859-669-3805 | | | |
| Oregon | 206 | 859-669-5152 | | | |

GPO US GOVERNMENT PRINTING OFFICE 2005—648-784

# Request for a Collection Due Process Hearing

Use this form to request a hearing with the IRS Office of Appeals only when you receive a **Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320, a Final Notice - Notice Of Intent to Levy & Your Notice Of a Right To A Hearing, or a Notice of Jeopardy Levy and Right of Appeal.** Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

*(Print)* Taxpayer Name(s):_____

*(Print)* Address:_____

Daytime Telephone Number:_____ Type of Tax/Tax Form Number(s):_____

Taxable Period(s):_____

Social Security Number/Employer Identification Number(s):_____

Check the IRS action(s) that you do not agree with. Provide specific reasons why you don't agree. If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [__] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

_____ **Filed Notice of Federal Tax Lien  (Explain why you don't agree.  Use extra sheets if necessary.)**

_____ **Notice of Levy/Seizure (Explain why you don't agree.  Use extra sheets if necessary.)**

I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

Taxpayer's or Authorized Representative's Signature and Date:_____

Taxpayer's or Authorized Representative's Signature and Date:_____

IRS Use Only:

IRS Employee *(Print)*:_____ IRS Received Date:_____

Employee Telephone Number:_____

Form **12153** (01-1999)     Catalog Number 26685O        **(Over)**        Department of the Treasury – Internal Revenue Service

INSTRUCTIONS

This is an important part of your legal proceedings. Please send the attached letter(s) as soon as possible. Do not delay!

1.     Sign each letter and send to the address thereon by certified mail return receipt.

2.     In the case of an addendum letter cc (by regular mail) the IRS Agent or agency that originated the original letter.

2.     Call me when you receive an answer to the Administrative Claim letter.

**Internal Revenue Service**
12600 West Colfax Ave.
Ste C-300, M/S 5223WO
Lakewood, CO 80215

**Department of the Treasury**

**Date:** June 22, 2006

**Shirley Joan Meyer**
as Co-Trustee of the SAM #2 TRUST
P O Box 1216
Alto, NM 88312

Person to Contact:
  Mr. Mike Pryor
IRS Telephone Number:
  303-231-5270 x229
Employee Identification Number:
  84-10124
Taxpayer Identification Number
  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

## Notice of Federal Tax Lien Filing--Nominee or Alter-Ego

You have been identified as the nominee, transferee or alter-ego for Jack D Thrasher.  This letter
is to inform you that we have filed a Notice of Federal Tax Lien.

You have the right to appeal this decision.  We explain your rights in the enclosed Publication
1660, *Collection Appeal Rights*.

There may be other ways that we can resolve this issue.  Contact the person named above for
further information.

One option you have is to request a Certificate of Discharge from the Federal Tax Lien.  However,
before we will issue a discharge, you must pay the amount due or post a bond guaranteeing
payment.  The enclosed Publication 783, *Instructions on how to apply for a Certificate of
Discharge From Federal Tax Lien*, provides information on how to request a certificate of
discharge.

We will issue a Certificate of Release of Federal Tax Lien within 30 days after you pay the full
amount due or within 30 days after we accept a bond guaranteeing payment.

Sincerely yours,

Mike Pryor
Revenue Officer

Enclosures:
Publication 1660, Collection Appeal Rights
Publication 783, Instruction on How to Apply for a Certificate of Discharge From Federal Tax Lien
Form 668(Y), Notice of Federal Tax Lien

**Letter 3177 (DO) (Rev. 04-2003)**
Catalog Number: 26921M

**Form 668(Y)**
(Rev. 10-1999)

# Notice of Federal Tax Lien

| | |
|---|---|
| Small Business/Self Employed Area: 6 | **Serial Number** |

**For Optional Use by Recording Office**

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer**
James Dana Roehrig and Shirley Joan Meyer as Co-Trustees of the SAM #2 TRUST, as nominee of
Jack D. Thrasher

**Residence**
P.O. Box 1216
Alto, NM 88312

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | XXX-XX-4082 | 02/16/1998 | 03/17/2008 | $97,516.01 |
| 1040 | 12/31/1995 | XXX-XX-4082 | 02/16/1998 | 03/17/2008 | $110,482.40 |
| 1040 | 12/31/1996 | XXX-XX-4082 | 02/10/2003 | 03/12/2013 | $46,500.74 |
| 1040 | 12/31/1997 | XXX-XX-4082 | 02/10/2003 | 03/12/2013 | $42,604.23 |
| 1040 | 12/31/1998 | XXX-XX-4082 | 02/10/2003 | 03/12/2013 | $39,519.61 |
| 1040 | 12/31/1999 | XXX-XX-4082 | 02/10/2003 | 03/12/2013 | $35,205.56 |
| 1040 | 12/31/2000 | XXX-XX-4082 | 02/10/2003 | 03/12/2013 | $29,650.62 |

This lien is limited to the following real property in Lincoln County New Mexico:

Lot T18D of DEER PARK WOODS, UNIT 3, Lincoln County, New Mexico,
as shown by the plat thereof filed in the office of the County
Clerk and Ex-officio Recorder of Lincoln County, New Mexico,
October 28, 1977, in Tube No. 599

| Place of Filing COUNTY CLERK LINCOLN COUNTY CARRIZOZO, NM 88301 | Total | $401,479.17 |
|---|---|---|

This notice was prepared and signed at DENVER, CO, on this, the 14th day of June, 2006.

| Signature | Title |
|---|---|
| Mike Pryor, Employee # - 84-10124 | Revenue Officer, Phone # - 303-231-5270 x229 |

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

Part 2 - Taxpayer Copy

Form 668(Y) (Rev. 10-1999)

Instructions on how to apply for

# Certificate of Discharge of Property From Federal Tax Lien

**Since there is no standard form available for an application for a certificate of discharge of property from a Federal tax lien, a typewritten request will be considered as an application. Submit your written request and all accompanying documents in duplicate to:**

District Director of Internal Revenue
(Address to District in which the property is located.)

Attention of: Chief, Special Procedures Staff
Give date of application.

## Information required on application

**Please give the name and address of the person applying** under section **6325(b)** of the Internal Revenue Code, for a certificate of discharge. See the reverse of this publication for applicable Internal Revenue Code sections. Give the name and address of the taxpayer, and describe the property as follows:

1. Give a detailed description, including the location of the property for which you are requesting the certificate of discharge. **If real property is involved, submit a legible copy of the title or deed to the property, and the complete address (street, city, State).** If the certificate is requested under section 6325(b)(1), also give a description of all the taxpayer's remaining property subject to the lien.

2. Show how and when the taxpayer has been or will be divested of all rights, title and interest in and to the property for which a certificate of discharge is requested.

3. **Attach a copy of each notice of Federal tax lien,** or furnish the following information as it appears on each filed notice of Federal tax lien:

   a. The name of the Internal Revenue District;

   b. The name and address of the taxpayer against whom the notice was filed;

   c. The serial number shown on the lien;

   d. The taxpayer's identification number shown on the lien; and

   e. The date and place the notice was filed;

4. In lieu of the above, a preliminary title report may be substituted listing the required information.

5. List the encumbrances (or attach a copy of the instrument that created each encumbrance) on the property which you believe have priority over the Federal tax lien. For each encumbrance show:

   a. The name and address of the holder;

   b. A description of the encumbrance;

   c. The date of the agreement;

   d. The date and place of the recording, if any;

   e. The original principal amount and the interest rate;

   f. The amount due as of the date of the application, if known (show costs and accrued interest separately); and

   g. Your family relationship, if any, to the taxpayer and to the holders of any other encumbrances on the property.

6. In lieu of the above, a preliminary title report may be substituted listing the required information.

7. Itemize all proposed or actual costs, commissions and expenses of any transfer or sale of the property.

8. **Furnish information to establish the value of the property.** If the certificate is requested under section **6325(b)(1)** furnish an estimate of the fair market value of the property which will remain subject to the lien. In addition,

   a. **If private sale—Submit written appraisals by two disinterested people** qualified to appraise the property, and a brief statement of each appraiser's qualifications.

   b. **If public sale (auction) already held—**Give the date and place the sale was held, and the amount for which the property was sold.

   c. **If public sale (auction) to be held—**Give the proposed date and place of the sale, and include a statement that the United States will be paid in its proper priority from the proceeds of the sale.

9. Give any other information that might, in your opinion, have bearing upon the application, such as pending judicial actions.

10. The District Director may request that you furnish additional information.

11. If you are submitting the application under the provisions of section **6325(b)(3)**, dealing with the substitution of proceeds of sale, attach a copy of the proposed agreement containing the following:

   a. The name and address of the proposed escrow agent;

   b. The caption, type of account, name and address of depositary for the account;

   c. The conditions under which the escrow fund is to be held;

   d. The conditions under which payment will be made from escrow, including the limitation for negotiated settlement of claims against the fund;

e. The estimated costs of the escrow;

f. The name and address of any other party you and the District Director determine to be a party to the escrow agreement;

g. Your signature, and those of the escrow agent, the District Director and any other party to the escrow agreement; and

h. Any other specific information the District Director requests.

12. Give a daytime telephone number where you may be reached.

13. Give the name, address and telephone number of your attorney or other representative, if any.

14. **Write the following declaration over your signature and title:** "Under penalties of perjury, I declare that I have examined this application, including any accompanying schedules, exhibits, affidavits, and statements, and to the best of my knowledge and belief it is true, correct, and complete."

## Additional Information

Please follow the instructions in this publication when applying for a Certificate of Discharge of Property From Federal Tax Lien.

The District Director has the authority to issue a certificate of discharge of a lien that is filed on any part of a taxpayer's property subject to the lien. The following sections and provisions of the Internal Revenue Code apply:

**Section 6325(b)(1)**—A specific property may be discharged if the taxpayer's property remaining subject to the lien has a Fair Market Value (FMV) which is double the sum of the balance due a) all Federal Tax Liens b) all other liens. (FMV=(a+b)x2)

**Section 6325(b)(2)(A)**—If there is paid in partial satisfaction of the liability secured by the lien an amount determined to be **not less than the value of the interest** of the United States in the property to be discharged.

**Section 6325(b)(2)(B)**—It is determined that the interest of the United States in the property to be discharged **has no value.**

**Section 6325(b)(3)**—If the property subject to the lien is sold and, under an agreement with the Internal Revenue Service, the proceeds from the sale are to be held as a fund subject to the liens and claims of the United States in the same manner and with the same priority as the liens and claims on the discharged property.

**Section 6325(b)(4)**—At the request of the non-taxpayer owner, a discharge will be issued on any property subject to a lien if the owner deposits an amount equal to the value of the government's interest or furnishes an acceptable bond in an amount subject to the government's interest in the property.

1. No payment is required for the issuance of a certificate under **section 6325(b)(1) or 6325(b)(2)(B)** of the Code. Payment is required for certificates issued under **section 6325(b)(2)(A).** Do not send the payment with your application. The District Director will notify you after determining the amount due.

2. The District Director will have your application investigated to determine whether to issue the certificate, and will let you know the outcome.

3. A certificate of discharge under **section 6325(b)(2)(A)** will be issued upon receipt of the amount determined to be the interest of the United States in the subject property under the Federal tax lien. Make remittances in cash, or by a certified, cashier's, or treasurer's check drawn on any bank or trust company incorporated under the laws of the United States or of any state or possession of the United States, or by United States postal, bank, express or telegraph money order. (If you pay by uncertified personal check, issuance of the certificate of discharge will be delayed until the bank honors the check.)

4. If application is made under **section 6325(b)(2)(A) or 6325(b)(2)(B)** because a mortgage foreclosure is contemplated, there will be a determination of the amount required for discharge or a determination that the Federal tax lien interest in the property is valueless.

Within 30 days from the date of the application, the applicant will receive a written conditional commitment for a certificate of discharge. When the foreclosure proceeding has been concluded, a certificate of discharge will be issued in accordance with the terms of the commitment letter. Also see Publication 487 (Catalog No. 46553K), *How to Prepare Application Requesting the United States to Release Its Right to Redeem Property Secured by a Federal Tax Lien.*

5. If application is made under the provisions of **section 6325(b)(3)**, the District Director has the authority to approve an escrow agent selected by the applicant. Any reasonable expenses incurred in connection with the sale of the property, the holding of the fund, or the distribution of the fund shall be paid by the applicant or from the proceeds of the sale before satisfaction of any claims and liens. Submit a copy of the proposed escrow agreement as part of the application.

6. A certificate of discharge under 6325(b)(4) will be issued when an amount equal to the United States interest in the property is received. The United States interest in the property may be made in the form of cash, other certified funds, or the posting of a bond acceptable to the Secretary.



Department of the Treasury
**Internal Revenue Service**
Publication 783 (Rev. 2-1999)
Catalog Number 46755I

*U.S. GPO: 1999 715-016/61591*

# Collection Appeal Rights

You can appeal many IRS collection actions. There are various collection appeal procedures available to you. The two main procedures are **Collection Due Process (CDP)** and **Collection Appeals Program (CAP)**. There are other collection actions which have their own specific appeal procedures. These other actions are discussed at the bottom of page four of this publication.

**Collection Due Process (CDP)** is available if you receive one of the following notices: Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (Lien Notice), *a Final Notice - Notice of Intent to Levy and Notice of Your Right to A Hearing, a Notice of Jeopardy Levy and Right of Appeal, a Notice of Levy on Your State Tax Refund – Notice of Your Right to a Hearing (Levy Notices)*. If you disagree with the CDP decision, you can go to court. CDP is more thoroughly described on pages one and two of this publication.

**Collection Appeals Program (CAP)** is generally quicker and available for a broader range of collection actions. However, you can't go to court if you disagree with the CAP decision. CAP procedures are described on pages three and four of this publication.

You may represent yourself at CDP, CAP and other Appeals proceedings. Or, you can have an attorney, certified public accountant, or a person enrolled to practice before the IRS represent you. If you want your representative to appear without you, you must provide a properly completed Form 2848, *Power of Attorney and Declaration of Representative*. This form is available at your local IRS office, or by calling 1-800-829-3676, or from our web site at **www.irs.gov**.

---

## HEARING AVAILABLE UNDER COLLECTION DUE PROCESS (CDP)
### For Lien and Levy Notices

---

You have the right to a CDP hearing by the IRS Office of Appeals for these collection actions: the first time a Notice of Federal Tax Lien is filed on a tax period; before we send the first levy on your property for a tax period; when we levy your state refund; and when we issue a jeopardy levy. You may contest the CDP decision in the Tax Court or an U.S. District Court, as appropriate.

**Lien Notice:** The IRS is required to notify you the first time a Notice of Federal Tax Lien is filed for each tax period. We have to notify you within 5 days after the lien notice filing. You then have 30 days, after that 5-day period, to request a hearing with the Office of Appeals. The lien notice you receive will indicate the date this 30-day period expires.

**Levy Notice:** For each tax period, the IRS is required to notify you the first time we intend to collect a tax liability by taking your property or rights to property. We do this by sending you a levy notice. We can't levy or seize your property within 30 days from the date this notice

is mailed, or given to you, or left at your home or office. During that 30-day period, you may request a hearing with the Office of Appeals. There are two exceptions to this notice of intent to levy provision. We may issue a levy without sending this notice or waiting 30 days when collection of the tax is in jeopardy. We may also levy on your state tax refund without sending a notice or waiting 30 days. You can request a hearing after the levy action for both of these instances.

### How do you request a hearing under Collection Due Process with the Office of Appeals?

Complete Form 12153, *Request for a Collection Due Process Hearing*, and send it to us at the address shown on your lien or levy notice within 30 days. Check the IRS action(s) you disagree with, and explain why you disagree. If you received both a lien and a levy notice, you may appeal both actions. You must identify all of your reasons for disagreement with us at this time. You may raise issues relating to the unpaid tax including:

- Appropriateness of collection actions
- Collection alternatives such as installment agreement, offer in compromise, posting a bond or substitution of other assets
- Appropriate spousal defenses
- The existence or amount of the tax, but only if you did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.

You may not raise an issue that was raised and considered at a prior administrative or judicial hearing, if you participated meaningfully in the prior hearing or proceeding.

To preserve your right to go to court, you must send us the Form 12153 within 30 days. Form 12153 is also available by calling 1-800-829-3676, or from our web site at www.Irs.gov.  Include a copy of your lien and/or levy notice.  List all taxes and tax periods for which you are requesting a hearing. Under CDP, you are entitled to only one hearing relating to a lien notice and one hearing relating to a levy notice, for each taxable period.  If you receive a subsequent lien or levy notice after you request a hearing on an earlier notice, Appeals can consider both matters at the same time

Before you formally appeal a lien or levy notice by sending us Form 12153, you may be able to work out a solution with the Collection function that took the action.  To do so, contact the IRS employee whose name appears on the lien or levy notice and explain why you disagree with the action.  This contact, however, does NOT extend the 30-day period to make a written request for a CDP hearing.

### What will happen when you request a CDP hearing with the Office of Appeals?

After you request a hearing, you can still discuss your concerns with the office collecting the tax or filing the Notice of Federal Tax Lien.  If you are able to resolve the issues with that office, you may withdraw your request for a hearing.

The Office of Appeals will contact you to schedule a hearing.  Your hearing may be held either in person, by telephone or by correspondence.

Unless we have reason to believe that collection of the tax is in jeopardy, we will stop levy action during the 30 days after the levy notice and, if your appeal is timely, during the appeal process.

 Your appeal is timely if you mail your request for a hearing to the address shown on our notice on or before the 30th day after the date of the levy notice or the date shown on the lien notice. If we receive a timely filed Form 12153, we will also suspend the 10-year collection statute of limitations until the date the determination is final or you withdraw, in writing, your request for a hearing.

At the conclusion of the hearing, Appeals will issue a written determination letter.  If you agree with Appeals' determination, both you and the IRS are required to live up to the terms of the determination.

If you don't agree with Appeals' determination, you may request judicial review of the determination by initiating a case in a court of proper jurisdiction (United States Tax Court or United States District Court, depending on the circumstances) on or before the 30th day after the date of Appeals' determination. Once the Court rules, its decision will be binding on both you and the IRS.

The Office of Appeals will retain jurisdiction over its determinations and how they are carried out. You may also return to Appeals if your circumstances change and impact the original determination.  However, you must exhaust your administrative remedies first.

If your appeal request is not timely, you will be allowed a hearing, but there will be no statutory suspension of collection action and you can't go to court if you disagree with Appeals' decision.

# ADMINISTRATIVE COLLECTION APPEAL RIGHTS
## COLLECTION APPEALS PROGRAM (CAP)

For liens, levies, seizures and installment agreements
under the CAP procedure, you don't have the right to a judicial review of Appeals' decision.

The CAP procedure is available under more circumstances than the Collection Due Process hearing procedure. It is important to note that you can't proceed to court if you don't agree with Appeals' decision in your CAP case. Collection actions you can appeal are:

**Notice of Federal Tax Lien.** You may appeal before or after the IRS files a lien. You may also appeal denied requests to withdraw a Notice of Federal Tax Lien, and denied discharges, subordinations, and non-attachments of a lien. If the IRS files a Notice of Federal Tax Lien, you may have additional Collection Due Process appeal rights. See the preceding information regarding Hearing Available under Collection Due Process.

**Notice of Levy.** You may appeal before or after the IRS places a levy on your wages, bank account or other property. Before a levy is issued, you may have additional Collection Due Process appeal rights. See the preceding information regarding Hearing Available Under Collection Due Process.

**Seizure of Property**. You may appeal before or after the IRS makes a seizure. If you request an appeal after the IRS makes a seizure, you must appeal to the Collection manager within 10 business days after the Notice of Seizure is provided to you, or left at your home or business.

**Denial or Termination of Installment Agreement**. You may appeal when you are notified that the IIRS intends to deny you an installment agreement. You may also appeal when we propose to terminate or terminate your installment agreement. The right to appeal denials or terminations of installment agreements is provided by law rather than provided by IRS administratively. As such, there are some differences between CAP for installment agreements and other CAP cases, such as levies etc.

*How do you appeal one of these IRS actions if your only collection contact has been a notice or telephone call?*

1. Call the IRS at the telephone number shown on your notice. Be prepared to explain which action(s) you disagree with and why you disagree. You must also offer your solution to your tax problem.

2. If you can't reach an agreement with the employee, tell the employee that you want to appeal their decision. The employee must honor your request and will refer you to a manager. The manager will either speak with you then, or will return your call within 24 hours.

3. Explain which action(s) you disagree with and why you disagree to the manager. The manager will make a decision on the case. If you don't agree with the manager's decision, your case will be forwarded to an Appeals Officer for review.

*How do you appeal one of these IRS collection actions if you have been contacted by a Revenue Officer?*

1. If you disagree with the decision of the Revenue Officer, and wish to appeal under CAP, you must first request a conference with a Collection manager.

2. If you do not resolve your disagreement with the Collection manager, you may request Appeals consideration by completing Form 9423, *Collection Appeal Request*. This form is available by calling 1-800-829-3676, or from our web site at www.irs.gov. Check the action(s) you disagree with and explain why you disagree. You must also explain your solution to resolve your tax problem.

3. Submit the Form 9423 to that Collection Office.

4. The Collection Office must receive your appeal request for a lien, levy or seizure within 2 days of your conference with the Collection manager or we will resume collection action. For an appeal request for a denial or termination of an installment agreement, you have 30 days from the date of denial or termination of your installment agreement, to submit your request to the Collection Office.

**Important:** The IRS can not levy until 30 days after the denial or termination of an Installment Agreement. If you appeal the denial or termination of an installment agreement within that 30-day period, we must stop levy action until your appeal is completed.

### What will happen when you appeal your case?

Lien, Levy and Seizure: Normally, we will stop collection action on the tax periods the Appeal Officer is considering, unless we believe the collection of the tax is at risk.

Installment Agreements: The IRS can't levy until 30 days after the denial or termination of your agreement. If you appeal within that 30-day period, we will stop levy action until your appeal is completed.

Once the Appeals Officer makes a decision on your case, that decision is binding on both you and the IRS. This means that both you and the IRS are required to accept the decision and live up to its terms. You cannot obtain judicial review of an Appeals Officer's decision following a CAP hearing.

**Note:** Providing false information, failure to provide all pertinent information or fraud will void Appeals' decision.

# APPEAL OF OTHER COLLECTION ACTIONS

You may also appeal other Collection actions such as denied Offers in Compromise (OIC) or Trust Fund Recovery Penalties (TFRP) that the IRS is proposing. Other penalties are also appealable, if you made an abatement request that was denied.

For OICs and TFRPs, follow the protest requirements in Publication 5, *Your Appeal Rights and How To Prepare A Protest If You Don't Agree.* The correspondence you receive on these types of cases will explain where you should send your protest. For other penalties, follow the instructions in the letter that denies your abatement



**Department of the Treasury**
**Internal Revenue Service**

**w w w . i r s . g o v**

Publication 1660 (Rev. 05-2000)
Catalog Number 14376Z

**Internal Revenue Service**
12600 West Colfax Ave.
Ste C-300, M/S 5223WO
Lakewood, CO 80215

**Department of the Treasury**

**Date:** June 22, 2006

Person to Contact:
  Mr. Mike Pryor
IRS Telephone Number:
  303-231-5270 x229
Employee Identification Number:
  84-10124
Taxpayer Identification Number
  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

**Shirley Joan Meyer**
as Co-Trustee of the SAM #2 TRUST
P O Box 1216
Alto, NM 88312

### Notice of Federal Tax Lien Filing--Nominee or Alter-Ego

You have been identified as the nominee, transferee or alter-ego for Diane L Thrasher. This letter is to inform you that we have filed a Notice of Federal Tax Lien.

You have the right to appeal this decision. We explain your rights in the enclosed Publication 1660, *Collection Appeal Rights.*

There may be other ways that we can resolve this issue. Contact the person named above for further information.

One option you have is to request a Certificate of Discharge from the Federal Tax Lien. However, before we will issue a discharge, you must pay the amount due or post a bond guaranteeing payment. The enclosed Publication 783, *Instructions on how to apply for a Certificate of Discharge From Federal Tax Lien*, provides information on how to request a certificate of discharge.

We will issue a Certificate of Release of Federal Tax Lien within 30 days after you pay the full amount due or within 30 days after we accept a bond guaranteeing payment.

Sincerely yours,

Mike Pryor
Revenue Officer

Enclosures:
Publication 1660, Collection Appeal Rights
Publication 783, Instruction on How to Apply for a Certificate of Discharge From Federal Tax Lien
Form 668(Y), Notice of Federal Tax Lien

**Letter 3177 (DO) (Rev. 04-2003)**
Catalog Number: 26921M

**Form 668(Y)**
(Rev. 10-1999)

# Notice of Federal Tax Lien

| | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| Small Business/Self Employed Area: 6 | | |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer**
James Dana Roehrig and Shirley Joan Meyer as Co-Trustees of the
SAM #2 TRUST, as nominee of
Diane L. Thrasher

**Residence**
P O Box 1216
Alto, NM 88312

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | XXX-XX-2185 | 02/16/1998 | 03/17/2008 | $32,768.33 |
| 1040 | 12/31/1995 | XXX-XX-2185 | 02/16/1998 | 03/17/2008 | $31,649.25 |
| 1040 | 12/31/1996 | XXX-XX-2185 | 06/23/2003 | 07/23/2013 | $47,251.69 |
| 1040 | 12/31/1997 | XXX-XX-2185 | 06/23/2003 | 07/23/2013 | $43,302.47 |
| 1040 | 12/31/1998 | XXX-XX-2185 | 06/23/2003 | 07/23/2013 | $40,462.61 |
| 1040 | 12/31/1999 | XXX-XX-2185 | 06/23/2003 | 07/23/2013 | $32,682.48 |
| 1040 | 12/31/2000 | XXX-XX-2185 | 06/23/2003 | 07/23/2013 | $28,154.79 |

This lien is limited to the following real property in Lincoln County New Mexico:

Lot T18D of DEER PARK WOODS, UNIT 3, Lincoln County, New Mexico,
as shown by the plat thereof filed in the office of the County
Clerk and Ex-officio Recorder of Lincoln County, New Mexico,
October 28, 1977, in Tube No. 599

| Place of Filing COUNTY CLERK LINCOLN COUNTY CARRIZOZO, NM 88301 | Total | $256,271.62 |
|---|---|---|

This notice was prepared and signed at DENVER, CO, on this, the 16th day of June, 2006.

| Signature *[signature]* Mike Pryor, Employee # - 84-10124 | Title Revenue Officer, Phone # - 303-231-5270 x229 |
|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

Part 2 - Taxpayer Copy                                   Form 668(Y) (Rev. 10-1999)

Instructions on how to apply for

# Certificate of Discharge of Property From Federal Tax Lien

**Since there is no standard form available for an application for a certificate of discharge of property from a Federal tax lien, a typewritten request will be considered as an application. Submit your written request and all accompanying documents in duplicate to:**

District Director of Internal Revenue
(Address to District in which the property is located.)

Attention of: Chief, Special Procedures Staff
Give date of application.

## Information required on application

**Please give the name and address of the person applying** under section **6325(b)** of the Internal Revenue Code, for a certificate of discharge. See the reverse of this publication for applicable Internal Revenue Code sections. Give the name and address of the taxpayer, and describe the property as follows:

1. Give a detailed description, including the location of the property for which you are requesting the certificate of discharge. **If real property is involved, submit a legible copy of the title or deed to the property, and the complete address (street, city, State).** If the certificate is requested under section **6325(b)(1)**, also give a description of all the taxpayer's remaining property subject to the lien.

2. Show how and when the taxpayer has been or will be divested of all rights, title and interest in and to the property for which a certificate of discharge is requested.

3. **Attach a copy of each notice of Federal tax lien,** or furnish the following information as it appears on each filed notice of Federal tax lien:

   a. The name of the Internal Revenue District;

   b. The name and address of the taxpayer against whom the notice was filed;

   c. The serial number shown on the lien;

   d. The taxpayer's identification number shown on the lien; and

   e. The date and place the notice was filed;

4. In lieu of the above, a preliminary title report may be substituted listing the required information.

5. List the encumbrances (or attach a copy of the instrument that created each encumbrance) on the property which you believe have priority over the Federal tax lien. For each encumbrance show:

   a. The name and address of the holder;

   b. A description of the encumbrance;

   c. The date of the agreement;

   d. The date and place of the recording, if any;

   e. The original principal amount and the interest rate;

   f. The amount due as of the date of the application, if known (show costs and accrued interest separately); and

   g. Your family relationship, if any, to the taxpayer and to the holders of any other encumbrances on the property.

6. In lieu of the above, a preliminary title report may be substituted listing the required information.

7. Itemize all proposed or actual costs, commissions and expenses of any transfer or sale of the property.

8. **Furnish information to establish the value of the property.** If the certificate is requested under section 6325(b)(1) furnish an estimate of the fair market value of the property which will remain subject to the lien. In addition,

   a. **If private sale—Submit written appraisals by two disinterested people** qualified to appraise the property, and a brief statement of each appraiser's qualifications.

   b. **If public sale (auction) already held—Give** the date and place the sale was held, and the amount for which the property was sold.

   c. **If public sale (auction) to be held—Give** the proposed date and place of the sale, and include a statement that the United States will be paid in its proper priority from the proceeds of the sale.

9. Give any other information that might, in your opinion, have bearing upon the application, such as pending judicial actions.

10. The District Director may request that you furnish additional information.

11. If you are submitting the application under the provisions of section **6325(b)(3)**, dealing with the substitution of proceeds of sale, attach a copy of the proposed agreement containing the following:

   a. The name and address of the proposed escrow agent;

   b. The caption, type of account, name and address of depositary for the account;

   c. The conditions under which the escrow fund is to be held;

   d. The conditions under which payment will be made from escrow, including the limitation for negotiated settlement of claims against the fund;

e. The estimated costs of the escrow;

f. The name and address of any other party you and the District Director determine to be a party to the escrow agreement;

g. Your signature, and those of the escrow agent, the District Director and any other party to the escrow agreement; and

h. Any other specific information the District Director requests.

12. Give a daytime telephone number where you may be reached.

13. Give the name, address and telephone number of your attorney or other representative, if any.

14. **Write the following declaration over your signature and title:** "Under penalties of perjury, I declare that I have examined this application, including any accompanying schedules, exhibits, affidavits, and statements, and to the best of my knowledge and belief it is true, correct, and complete."


## Additional Information

Please follow the instructions in this publication when applying for a Certificate of Discharge of Property From Federal Tax Lien.

The District Director has the authority to issue a certificate of discharge of a lien that is filed on any part of a taxpayer's property subject to the lien. The following sections and provisions of the Internal Revenue Code apply:

**Section 6325(b)(1)**—A specific property may be discharged if the taxpayer's property remaining subject to the lien has a Fair Market Value (FMV) which is double the sum of the balance due a) all Federal Tax Liens b) all other liens. (FMV=(a+b)x2)

**Section 6325(b)(2)(A)**—If there is paid in partial satisfaction of the liability secured by the lien an amount determined to be **not less than the value of the interest** of the United States in the property to be discharged.

**Section 6325(b)(2)(B)**—It is determined that the interest of the United States in the property to be discharged **has no value.**

**Section 6325(b)(3)**—If the property subject to the lien is sold and, under an agreement with the Internal Revenue Service, the proceeds from the sale are to be held as a fund subject to the liens and claims of the United States in the same manner and with the same priority as the liens and claims on the discharged property.

**Section 6325(b)(4)**—At the request of the non-taxpayer owner, a discharge will be issued on any property subject to a lien if the owner deposits an amount equal to the value of the government's interest or furnishes an acceptable bond in an amount subject to the government's interest in the property.

1. No payment is required for the issuance of a certificate under **section 6325(b)(1) or 6325(b)(2)(B)** of the Code. Payment is required for certificates issued under **section 6325(b)(2)(A).** Do not send the payment with your application. The District Director will notify you after determining the amount due.

2. The District Director will have your application investigated to determine whether to issue the certificate, and will let you know the outcome.

3. A certificate of discharge under **section 6325(b)(2)(A)** will be issued upon receipt of the amount determined to be the interest of the United States in the subject property under the Federal tax lien. Make remittances in cash, or by a certified, cashier's, or treasurer's check drawn on any bank or trust company incorporated under the laws of the United States or of any state or possession of the United States, or by United States postal, bank, express or telegraph money order. (If you pay by uncertified personal check, issuance of the certificate of discharge will be delayed until the bank honors the check.)

4. If application is made under **section 6325(b)(2)(A) or 6325(b)(2)(B)** because a mortgage foreclosure is contemplated, there will be a determination of the amount required for discharge or a determination that the Federal tax lien interest in the property is valueless.

Within 30 days from the date of the application, the applicant will receive a written conditional commitment for a certificate of discharge. When the foreclosure proceeding has been concluded, a certificate of discharge will be issued in accordance with the terms of the commitment letter. Also see Publication 487 (Catalog No. 46553K), *How to Prepare Application Requesting the United States to Release Its Right to Redeem Property Secured by a Federal Tax Lien.*

5. If application is made under the provisions of **section 6325(b)(3),** the District Director has the authority to approve an escrow agent selected by the applicant. Any reasonable expenses incurred in connection with the sale of the property, the holding of the fund, or the distribution of the fund shall be paid by the applicant or from the proceeds of the sale before satisfaction of any claims and liens. Submit a copy of the proposed escrow agreement as part of the application.

6. A certificate of discharge under 6325(b)(4) will be issued when an amount equal to the United States interest in the property is received. The United States interest in the property may be made in the form of cash, other certified funds, or the posting of a bond acceptable to the Secretary.



Department of the Treasury
Internal Revenue Service
Publication 783 (Rev. 2-1999)
Catalog Number 46755I

*U.S. GPO: 1999-715-016/64591