IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK D. THRASHER | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-1075 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1994,

the Internal Revenue Service disregarded various provisions of the Internal Revenue

Code.  Plaintiff seeks damages for alleged "wrongful collection," and injunctive relief

respecting further tax collection activities against him.

QUESTIONS PRESENTED

Plaintiff, Jack D. Thrasher, seeks an injunction against further tax collection,

damages for alleged "wrongful collection" of federal taxes from plaintiff, and

declaratory relief.  Plaintiff has failed to allege that he filed a claim for damages from

"wrongful collection" of taxes.  Does the Court have jurisdiction to entertain a suit for

declaratory relief and for injunctive relief against federal tax collection under these

circumstances?

1854854.1

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff filed this complaint on June 12, 2006.<u>1</u>/

The complaint alleges that in connection with the collection of federal tax "beginning

with 'tax year' 1994," agents and employees of the Internal Revenue Service "recklessly,

intentionally, or by reason of negligence disregarded" a laundry list of statutes from the

Internal Revenue Code.  (Compl. ¶¶ 1, 13.)<u>2</u>/

2. <u>Relief sought in the complaint</u>.  The complaint seeks three types of relief.

First, plaintiff seeks a "[d]etermination that the defendant's principals, officers, agents,

and/or employees . . . willfully, recklessly, intentionally or by reasons of negligence,

disregarded any provision of Title 26 United States code."  (Compl. ¶ 29.)  Second,

plaintiff seeks damages under section 7433.  (Compl. ¶ 30A.)  Last, plaintiff seeks an

injunction against the "reprehensible, egregious, and vexatious behavior of the

defendants' principals, officers, agents, and/or employees."  (Compl. ¶ 30C.)

_____

      <u>1</u>/ Plaintiff filed two "addendum" to his complaint, on July 20, 2006 and July 21, 2006.  These addenda appear to merely rehash allegations made in the complaint.  In addendum #1, plaintiff alleges that he fits into an exception to the requirement to exhaust administrative remedies because the Internal Revenue Service has "articulated a clear position."  (Add. 1 at 1.)  This same allegation is made in the complaint at ¶¶ 7-13.  In addendum #2, plaintiff alleges that no valid assessment was made because the Internal Revenue Service did not send him a copy of the certificate of assessment signed by an authorized assessment officer.  (Add. #2 at 1-2.)  This same claim was made in the complaint.  (Compl. V,  ¶¶ 9-14.)

      <u>2</u>/  Plaintiff's case is one of approximately 90 known cases filed in this Court with similar complaints.

ARGUMENT

I

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFF'S REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

A.      *Plaintiff's Request for a Finding That the Internal Revenue Service Violated
        Provisions of the Internal Revenue Code and Implementing Regulations
        Thereunder Is Barred by the Tax Exception to the Declaratory Judgment Act.*

Plaintiff seeks a finding that the Internal Revenue Service violated various

provisions of the Internal Revenue Code and implementing regulations thereunder.

(Compl. at 29.)  This Court is barred from granting such relief under 28 U.S.C. § 2201.

Section 2201 provides that:

> In a case of actual controversy within its jurisdiction, *except
> with respect to Federal taxes*, . . . any court of the United States
> . . . may declare the rights and other legal relations of any
> interested party seeking such declaration, whether or not
> further relief is or could be sought.

Id. (emphasis added).  By the plain language of the statute, a court lacks jurisdiction to

declare the rights of any parties with respect to federal taxes.  See Investment Annuity,

Inc. v. Blumenthal, 609 F.2d 1, 4 (D.D.C. 1979)  Plaintiff here is requesting the Court to

determine that the Internal Revenue Service violated various provisions in the Code

and implementing regulations thereunder.  Such relief is specifically prohibited by 28

U.S.C. § 2201.  Thus, this Court lacks jurisdiction to grant plaintiff the declaratory relief

he seeks.

1664992.1

B.   *Plaintiff's Request for Injunctive Relief Is Barred
by the Anti-Injunction Act*

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further tax collection activities.  (Compl. ¶ 30C.)  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiff's claim.  *See* 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case.  In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970).

1664992.1

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiff alleges that the Internal Revenue Service acted improperly "in connection with the collection of Federal tax," but does not identify the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and his entitlement to relief. Primarily, he merely expresses his dissatisfaction that the Internal Revenue Service is attempting to collect his unpaid taxes.

As for the second prong of *Enochs*, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. *See Foodservice & Lodging Institute*, 809 F.2d at 844-45; *Flynn* , 766 F.2d at 598. In certain situations, plaintiff could temporarily forestall collection—the ultimate relief he requests—by requesting a "collection due process hearing" with the Internal Revenue Service. *See* 26 U.S.C. § 6330. Moreover, he can fully pay the taxes and *then* file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which plaintiff can obtain relief, there is no equitable jurisdiction. Accordingly, plaintiff's complaint fails the second prong of the *Enochs* test as well.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiff has not established the

1664992.1

extraordinary circumstances that may justify issuing an injunction under the judicial

exception.  Thu the Court should dismiss this case.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER<br>
the COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST<br>
ADMINISTRATIVE REMEDIES PRIOR TO FILING HIS SUIT

*This Court Lacks Subject-matter Jurisdiction over Plaintiff's Damages Claim*

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks

unspecified damages (Compl. ¶ 7).  This Court does not have jurisdiction over

plaintiff's section 7433 claim because he has failed to demonstrate that he filed an

administrative claim for damages with the Internal Revenue Service.  The party

bringing suit must show that the United States has unequivocally waived its sovereign

immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt*

*v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d

1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.)

provides the predicates for the United States' waiver of sovereign immunity with

respect to suits for wrongful collection actions.  The Court lacks jurisdiction over the

plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for

damages for the unauthorized collection of taxes, a taxpayer must exhaust his

administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be

awarded under [7433] subsection (b) *unless the court determines that the plaintiff has*

6

*exhausted the administrative remedies available to such plaintiff within the Internal Revenue*

*Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The

regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in*
> *the case of negligence) or actual, direct economic damages, as*
> *defined in paragraph (b) of this section [7433] shall be sent in*
> *writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this

regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at

128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979

F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he  filed a written claim with the area director

which complies with the requirements of the regulations.  Instead, plaintiff asserts,

relying on *Randolph-Sheppard Vendors of Am. v. Weinberger,* 795 F.2d 90 (D.C. Cir. 1986),

1864494.1

that he falls within an "exception" to the requirement to exhaust administrative

remedies.  (Compl. ¶¶ 7, 11-13.)  He asserts that the Internal Revenue Service has

"articulated a clear position it is unwilling to reconsider." (*Ibid.*)  Plaintiff fails to assert

that he attempted to comply with the regulation by submitting a valid administrative

claim, thus the Internal Revenue Service has not articulated a clear position that it will

not consider any administrative claim for damages.

The United States is aware that the court in *Turner v. United States*, 429 F.Supp.2d

149 (D.D.C. 2006) dismissed a complaint similar to this one for failure to state a claim,

rather than for lack of subject-matter jurisdiction.  The United States, however,

continues to assert that the exhaustion requirement is jurisdictional.  Specifically, the

decision in *Turner* relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in which

the Supreme Court addressed exhaustion of administrative remedies in the context of

two private litigants in a Title VII suit.  Neither of the private litigants had any

attributes of sovereign immunity.  Thus, neither litigant in *Arbaugh* could claim the

benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is
> immune from suit save as it consents to be sued *** and the
> terms of its consent to be sued in any court *define that court's
> jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United

States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define

the court's jurisdiction. One of the terms of the consent under section 7433 is that the

1864494.1

taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit."  Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign.  *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction.  In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States.  Accordingly, the United asserts that the failure to exhaust administrative remedies is jurisdictional.

Nevertheless, even if the Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiff's complaint for failure to state a claim for which relief can be given, as set forth in *Turner*.

1864494.1

CONCLUSION

Because this Court lacks jurisdiction over his complaint (or in the alternative, plaintiff has failed to state a claim for which relief can be given), the complaint should be dismissed.

DATED: August 14, 2006.                    Respectfully submitted,


                                           /s/ Pat S. Genis
                                           PAT S. GENIS, #446244
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           P.O. Box 227
                                           Washington, DC 20044
                                           Phone/FAX: (202) 307-6390/514-6866
                                           Email: pat.genis@usdoj.gov


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1624245.1

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the United States' MEMORANDUM IN SUPPORT OF

UNITED STATES' MOTION TO DISMISS COMPLAINT was filed in accordance with the

Court's ECF system, and served on August 14, 2006, by sending a copy by first-class mail,

postage prepaid, addressed as follows:

> Jack D. Thrasher
> Plaintiff *Pro Se*
> 7 Hedgebell Court
> The Woodland, TX 77380

 /s/ Pat S. Genis
PAT S. GENIS, #446244

11